MELINDA HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorneys

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3740
   Facsimile:  (510) 637-3724
   E-Mail:     Joshua. Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. 4-10-70784-MAG |
|---|---|---|
| Plaintiff, | ) | ORDER ACCEPTING WAIVER OF TIMING FOR PRELIMINARY HEARING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | ) | |
| JANE DOE, a/k/a "NAVCHAA SUREN," | ) | |
| Defendant. | ) | |

    With the agreement of the parties and for the reasons stated in open court on September 3, 2010, and September 17, 2010, and with the consent of the defendant, the court enters this order setting a preliminary hearing on September 30, 2010, extending the time for the preliminary hearing for good cause under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from September 3, 2010, to September 30, 2010.

    Specifically, Ms. Suren is released on bond in this district. Defense counsel is obtaining and reviewing discovery to determine whether a pre-charge disposition is appropriate (and whether it can be negotiated with the U.S. Attorney's Office in the Western District of New York). Only after evaluating the evidence will counsel be in a position to evaluate any disposition. Ms. Suren

also believes it is in her best interest to negotiate the case pre-indictment, and she cannot do that without evaluating the evidence.  She represented that continuing the case until September 30, 2010, is the reasonable time necessary to accomplish this review, at least preliminarily.

    Taking into the account the public interest in the prompt disposition of criminal cases, the parties agreed, and the Court holds, that these grounds are good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment and excluding time under the Speedy Trial Act.  Failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that the ends of justice served by excluding the period from September 3, 2010, to September 30, 2010, outweigh the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(7)(A) and (B)(iv).

    IT IS SO ORDERED.

DATED: September 20, 2010

LAUREL BEELER
United States Magistrate Judge

ORDER TO EXCLUDE TIME
No. 4-10-70784-MAG                    -2-